UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                 )
MARCO ANTONIO GALLO-RODRIGUEZ,   )
                                 )
          Plaintiff,             )
                                 )
          v.                     )     Civil Action No. 08-1890 (RWR)
                                 )
SUPREME COURT OF THE UNITED      )
STATES, et al.,                  )
                                 )
          Defendants.            )
_____)
```

MEMORANDUM OPINION

Pro se plaintiff Marco Gallo-Rodriguez has sued the Supreme
Court of the United States, the United States Courts of Appeals
for the Fifth and Eleventh Circuits, and the United States
District Courts for the Southern District of Florida and the
Eastern District of Texas, alleging that these courts have
"refused to hear plaintiff's underlying constitutional claims
that were brought to their attention through a habeas corpus
petition."  (Compl. at 2.)  The complaint seeks five hundred
million dollars in damages.  (Id.)  The defendants have moved to
dismiss the complaint.  Because this court lacks subject matter
jurisdiction to review actions of other federal district and
appellate courts, and judges are immune from damage suits

-2-

stemming from their official acts, the defendants' motion to dismiss will be granted.[1]

A district court lacks subject matter jurisdiction to review a decision of the Supreme Court.  <u>In re Marin</u>, 956 F.2d 339, 340 (D.C. Cir. 1992); <u>Griffin v. Higgins</u>, Civil Action No. 99-1576 (GK), 1999 WL 1029177, at *1 (D.D.C. June 18, 1999).  A district court also lacks subject matter jurisdiction to review the actions of another lower federal court.  <u>Jackson v. Camilletti</u>, Civil Action No. 09-1110 (RJL), 2009 WL 1708802, at *1 (D.D.C. June 17, 2009) (concluding that the United States District Court for the District of Columbia could not review proceedings that occurred in the United States District Court for the Northern District of West Virginia); <u>Flemming v. United States</u>, 847 F. Supp. 170, 172 (D.D.C. 1994) (stating that the United States District Court for the District of Columbia has no jurisdiction to review a decision by the United States Court of Appeals for the Fourth Circuit).  Thus, there is no subject matter jurisdiction over a claim seeking review of actions taken by the Supreme Court of the United States, the Courts of Appeals for the Fifth and Eleventh Circuits, and the District Courts for the Southern District of Florida and the Eastern District of Texas.

---

[1] The defendants also move to strike a surreply filed by the plaintiff regarding the defendants' motion to dismiss.  In light of the disposition of the motion to dismiss, the motion to strike will be denied as moot.

-3-

Even if Gallo-Rodriguez's claim is interpreted as one for damages against judicial officers, it still would not entitle him to relief.  Judicial officers "enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."  Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citing Mireles v. Waco, 502 U.S. 9, 9 (1991) (stating that "[a] long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages")).  The complaint alleges that the defendants "refused to hear" claims Gallo-Rodriguez raised in his habeas corpus petition.  (Compl. at 2.)  These alleged actions were taken within the defendants' official capacities, and the defendants are therefore immune from this suit.

Under even a liberal construction of his pro se complaint, Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), Gallo-Rodriguez is not entitled to relief.  Accordingly, the complaint will be dismissed.  An appropriate order accompanies this memorandum opinion.

SIGNED this 19th day of November, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge